IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ZAFRES LAMONN MCDONALD, #39397, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL NO. 6:20-CV-00507-JCB-JDL |
| MAXEY CERLIANO, ET AL. | | |
| Defendants. | | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Before the court is Defendants Maxey Cerliano, Jeff Callaway, Luke Whitehead, Ben Reynolds, and Gary Robinson's ("Defendants") Motion to Dismiss (Doc. No. 18.) Defendants Cerliano, Callaway, Whitehead, Reynolds, and Robinson seek to dismiss all claims against them for failure to state a claim upon which relief can be granted. (Doc. No. 18, at 3.) Plaintiff Zafres Lamonn McDonald ("Plaintiff") filed an amended complaint alleging a violation of his Eighth Amendment right against cruel and unusual punishment and a Fourteenth Amendment due process violation regarding the denial of his grievances. (Doc. No. 7.) In addition to Defendants Cerliano, Callaway, Whitehead, Reynolds, and Robins, Plaintiff also sued Defendants Steven Stadt and B. Earnest for violations of his constitutional rights. *Id.* at 3. Neither Defendant Stadt nor Defendant Earnest have joined the motion to dismiss before the court. (Doc. No. 18.) The court notes that Plaintiff has not filed a response to Defendants Cerliano, Callaway, Whitehead, Reynolds, or Robinson's motion to dismiss. Having considered Defendants' Motion (Doc. No. 18), the court **RECOMMENDS** that Defendants' Motion to Dismiss (Doc. No. 18) be **GRANTED** and that the

claims against Defendants Maxey Cerliano, Jeff Callaway, Luke Whitehead, Ben Reynolds, and Gary Robinson be **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated the instant lawsuit on September 10, 2020. (Doc. No. 1.) On October 13, 2020, Plaintiff filed an Amended Complaint (Doc. No. 7), which currently serves as the live and operative pleading in this case. *Clark v. Tarrant Co., Tex*, 798 F.2d 736, 740 (5th Cir. 1986) (holding that an amended complaint supersedes and takes the place of an original complaint). Plaintiff is currently incarcerated at the Oliver Bell Unit in Cleveland, Texas. (Doc. No. 21.) The alleged incident occurred at Gregg County Jail in Longview, Texas. (Doc. No. 1.)

In his amended complaint, Plaintiff alleges that on March 26, 2020, he was placed in a separation cell that was covered in feces, for eight and a half hours. (Doc. No. 7, at 9.) Plaintiff alleges that the incident began when he requested toilet paper on the morning of the 26th from Officer B. Earnest. *Id*. Plaintiff alleges that several hours later he still had not received toilet paper and requested it again. *Id*. Plaintiff states that Sergeant Steven Stadt then came to his cell and asked the Plaintiff to come with him. *Id*. Plaintiff alleges that Sergeant Stadt kept telling Plaintiff that he had been disrespectful and then Sergeant Stadt and Officer Earnest grabbed him and slammed him into the wall, causing injuries to his mouth. *Id*. Plaintiff states that he was then placed in hand cuffs and taken to the separation cell that was covered in feces. *Id*. Plaintiff further states that he complained about the cell, but that there was no redress until officers changed shifts. *Id*. at 10. Plaintiff states that at this time Officer Gray witnessed the condition of the cell and spoke to Corp. Berry, who moved Plaintiff to a different cell. *Id*.

Plaintiff claims that he filed an emergency grievance to Lt. Whitehead who stated that he was going to investigate. *Id*. However, Plaintiff alleges that Lt. Whitehead never investigated and Plaintiff appealed his findings to Chief Callaway. *Id*. Plaintiff states that Chief Callaway also failed to investigate and "told [Plaintiff he] basically made it up." *Id*. Plaintiff states that he submitted his final appeal to Sherriff Cerliano, who also failed to address his grievance. *Id*. Plaintiff's general claim against the five supervisory officers is that they failed to act to prevent the alleged wrongdoing and then they attempted to cover up the wrongdoing by preventing an investigation. (Doc. No. 7.) He is seeking money damages in the amount of two million dollars. *Id*. at 4. In response to these allegations, on May 27, 2021, Sheriff Maxey Cerliano, Lt. Luke Whitehead, Chief Jeff Callaway, Lt. Gary Robinson, and Ben Reynolds filed a Motion to Dismiss. (Doc. No. 18.) Defendants Steven Stadt and B. Earnest are not moving for dismissal.

## LEGAL STANDARDS

A pleading seeking to state a claim for relief must contain three essential elements: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a).

When considering whether a pleading fails to state a claim, the Court utilizes a "two-pronged approach." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the Court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the Court considers the remaining "well-pleaded factual allegations." *Id.* The Court must accept as true all facts alleged in a plaintiff's complaint, and the Court views the facts in the light most favorable to a plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's

complaint must include facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted).

In other words, the Court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

The pleading of a *pro se* plaintiff is to be liberally construed and is held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, even with *pro se* litigants, "conclusory allegations or legal conclusions masquerading as factual conclusions," are not sufficient for a well-pled complaint. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

## DISCUSSION

In their motion, Defendants argue that Plaintiff's claims against them should be dismissed because: (1) Plaintiff cannot sue these five supervisory officers as these officers were not personally involved in the acts that caused the alleged constitutional deprivation and because Plaintiff has not asserted that any policy gives rise to a violation of Plaintiff's constitutional rights;

4

and (2) that Plaintiff cannot raise a due process claim on the basis that the officers denied his grievances or did not investigate his grievances to his standards. (Doc. No. 18, at 3–5.)

### a. Supervisory Liability

Plaintiff's allegations focus on each Defendant's supervisory role at the Gregg County Jail. (Doc. No. 7, at 3.) Specifically, Plaintiff alleges that Sheriff Maxey Cerliano, Lt. Luke Whitehead, Chief Jeff Callaway, Lt. Gary Robinson, and Ben Reynolds had direct knowledge and were responsible for the actions of the officers under them, including Plaintiff getting slammed into the wall and being placed in a separation cell. (Doc. No. 7, at 3, 7.)

Plaintiff's allegations fail to establish the personal involvement of the supervisory officers. It is well-settled that a plaintiff in a civil rights case must demonstrate not only a constitutional violation, but also personal involvement on behalf of those alleged to have violated the plaintiff's constitutional rights. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *Thompson v. Crnkovich*, No. 1:16-CV-055-BL, 2017 WL 5514519, at *2 (N.D. Tex. Nov. 16, 2017) ("Without personal involvement or participation in an alleged constitutional violation, or implementation of a deficient policy, the individual should be dismissed as a defendant.").

Moreover, the doctrine of *respondeat superior* does not apply to section 1983. *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Under 42 U.S.C. § 1983, supervisory officials are not liable for a subordinate's actions on any vicarious liability theory. In fact, the Supreme Court has held that the term "supervisory liability" is actually a misnomer because "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. In *Iqbal*, the Supreme Court rejected an argument that government officials may be held liable because they

merely had knowledge or acquiesced in their subordinate's misconduct. *Id*. As a result of *Iqbal*, other courts have questioned whether supervisory liability remains an option at all in section 1983 cases. *See, e.g.*, *Dodds v. Richardson*, 614 F.3d 1185, 1194–95 (10th Cir. 2010); *Parrish v. Ball*, 594 F.3d 993, 1001 n.1 (8th Cir. 2010).

The Fifth Circuit has not yet interpreted this holding in *Iqbal*. Nevertheless, under current Fifth Circuit jurisprudence, a supervisor may only be held liable if one of the following exists: (1) his personal involvement in the constitutional deprivation, (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations, or (3) the supervisory official implements a policy that itself is a repudiation of civil rights and is the moving force of the constitutional violation. *See Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008); *see also Pena v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018) (explaining that a plaintiff in a section 1983 case establishes supervisor liability "if (1) [the supervisor] affirmatively participates in the acts that cause the constitutional deprivation, or (2) [the supervisor] implements unconstitutional policies that result in the constitutional injury") (internal citation omitted).

Importantly, in order to demonstrate that a supervisor is liable for constitutional violations committed by subordinate employees, "plaintiffs must show that the supervisor act[ed], or fail[ed] to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates." *Id*. (citing *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011)).

Plaintiff has not alleged that the supervisory officers were in any way personally involved in slamming him against the wall or in placing him in the separation cell. Neither has Plaintiff stated specific policies that the supervisory officers had in place that led to his injuries. Plaintiff has only stated that these supervisory officers create and enforce policy. (Doc. No. 7, at 10.) Plaintiff's allegations against these five supervisory officers are conclusory at best. (Doc. No. 7,

at 3, 7.) Plaintiff does not plead any allegations showing the casual connection between Plaintiff's alleged injuries and the supervisory officers' conduct.

To the extent that Plaintiff maintains that the five supervisory officers are liable because of any supervisory role, the court notes that this argument is without merit. Plaintiff has not alleged facts that demonstrate the supervisory officers' personal involvement in the slamming-into-the-wall incident or placement in the feces-covered separation cell incident. Mere supervision of subordinates does not create vicarious liability for a supervisor in a civil rights action. *Luna*, 909 F.2d at 123. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

### b. Denial of Grievances

Plaintiff also alleges that the supervisory officers attempted to "cover up the wrongdoing" by summarily denying his grievances. (Doc. No. 7, at 10.) Plaintiff alleges that the supervisory officers failed to properly investigate his grievances. He asserts that they did not interview his witnesses and that he was denied the opportunity to present his paperwork. *Id.* at 11.

Plaintiff's due process claim regarding the denial of his grievances fails to state a claim upon which relief may be granted. Plaintiff does not have a liberty interest in having his prison administrative complaints resolved in any particular manner. *See Geiger v. Jower,* 404 F.3d 371, 373–74 (5th Cir. 2005). Plaintiff cannot state a claim upon which relief may be granted over his grievances because he has no constitutional right to have his grievances resolved to his satisfaction. *Id.* Plaintiff's claims regarding the denial or investigation of his grievances is not a viable claim. Thus, the court finds that Plaintiff has failed to state a claim upon which relief can be granted and the claims against Defendants Cerliano, Callaway, Whitehead, Reynolds, and Robinson should be dismissed. The court further **RECOMMENDS** that the claims against the five Defendants be dismissed with prejudice because Plaintiff had the opportunity to amend and did in

fact amend his complaint once in this matter. (Doc. No. 7.) The court finds that further amendment would be futile since Plaintiff was already on notice that his pleadings needed to establish the personal involvement of the supervisory officers and he did not address this in his amended complaint or by filing a response to Defendants' motion. (Doc. No. 5.)

## CONCLUSION

For the reasons discussed herein, the court **RECOMMENDS** that Defendants Maxey Cerliano, Jeff Callaway, Luke Whitehead, Ben Reynolds, and Gary Robinson's Motion to Dismiss (Doc. No. 18.) be **GRANTED** and that the claims against Defendants Cerliano, Callaway, Whitehead, Reynolds, and Robinson be **DISMISSED WITH PREJUDICE. The court recommends that the claims against Defendants Stadt and Earnest remain pending on the docket.**

Within **14 days** after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in this Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the District Judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 14th day of September, 2021.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE